IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01396-BNB

MICHAEL THOMAS McCULLOUGH,

    Plaintiff,

v.

LT. AQUINO, Deputy Sheriff,
DOUGLAS COUNTY SHERIFF,
CORRECTIONS HEALTHCARE MGMT.,
DR. SINGH, Jail Physician,
DR. D. CUNNINGHAM, Jail Dentist,
ANDY BECHERT, Deputy Sheriff,
CRAIG THOMPSON, Jail Nurse,
SCRIBE MEDICAL, and
UNKNOWN PERSON,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 25 2008

GREGORY C. LANGHAM
            CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Michael Thomas McCullough, is confined at the Douglas County Jail in Castle Rock, Colorado. Mr. McCullough initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. On July 24, 2008, the court ordered Mr. McCullough to file an amended complaint that clarifies the claims he is raising in this action. On August 20, 2008, Mr. McCullough filed an amended Prisoner Complaint.

The court must construe the amended complaint liberally because Mr. McCullough is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the

court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. McCullough will be ordered to file a second amended complaint.

The court has reviewed the amended complaint and has determined that the amended complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. McCullough has clarified the claims he is raising in the amended complaint and it is clear which claims are being asserted against which Defendants. However, Mr.

McCullough fails to provide a short and plain statement of his claims showing that he is entitled to relief. The amended complaint, which is fifty-five pages long, contains prolix and repetitive allegations. As a result, the court finds that the complaint is unnecessarily long. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).

A decision to dismiss a pleading pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The court finds that the amended complaint filed by Mr. McCullough does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. McCullough should be given an opportunity to file a second amended complaint. He will be directed to do so below.

Mr. McCullough is advised that he must present his claims in a clear and concise manner that allows the court and Defendants to know what claims are being asserted and to be able to respond to those claims. Furthermore, Mr. McCullough is reminded that, in order to state a claim in federal court, his second amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. McCullough file, **within thirty (30) days from the date of**

**this order**, a second amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. McCullough, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. McCullough fails within the time allowed to file a second amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED August 25, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01396-BNB

Michael Thomas McCullough
Prisoner No. 08A0346
Douglas County Jail
4000 Justice Way
Castle Rock, CO 80109

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on **8/25/08**

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk