IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01396-PAB-KLM

MICHAEL THOMAS McCULLOUGH,

    Plaintiff,

v.

ANDY BECHERT, DEPUTY SHERIFF,
DOUGLAS COUNTY SHERIFF,
DR. SINGH, JAIL PHYSICIAN,
LT. AQUINO, DEPUTY SHERIFF,
CRAIG THOMPSON, JAIL NURSE,
DR. CORY, JAIL RADIOLOGIST,
DR. D. CUNNINGHAM, JAIL DENTIST,
CORRECTIONAL HEALTHCARE MGMT., and
UNKNOWN PERSON,

    Defendant(s).
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Temporary Restraining Order and Order for Injunctive Relief** [Docket No. 25; Filed November 4, 2008] (the "Motion"). The Court must construe the Motion liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. The Court has reviewed the Motion, Defendants' Responses [Docket No. 58; Filed January 9, 2009] and [Docket No. 59; Filed January 12, 2009], the entire case file and applicable case law and is sufficiently advised in the

1

premises.

## II. Motion for Preliminary Injunction

Fed. R. Civ. P. 65(a) and (b) govern preliminary injunctions and temporary restraining orders. "Where the opposing party has notice, the procedure and standards for issuance of a temporary restraining order mirror those for a preliminary injunction." *Emmis Comm'ns Corp. v. Media Strategies, Inc.*, 2001 WL 111229, *2 (D. Colo. Jan. 23, 2001) (unpublished decision) (citing 11A Charles Alan Wright, Arthur Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2951 (2d ed.1995)). While Plaintiff states that he seeks both a temporary restraining order and a preliminary injunction, because he provided notice to Defendants, the Court analyzes his motion under the standards for a preliminary injunction. Fed. R. Civ. P. 65(a)(1).

At the time of filing, Plaintiff was incarcerated at the Douglas County Detention Center in Castle Rock, Colorado. *See Complaint* [#3] at 2. Plaintiff alleges that he has many medical problems that require treatment, including "a golf-ball sized fixed mass on his hip, back injury and pain, two teeth broken off at gumline with exposed nerves, and at least one cavity with an exposed nerve." *Motion* [#25] at 2. Plaintiff requests that the Court "temporarily restrain the Defendants from submitting him for medical or dental care by their current healthcare provider," as well as order Defendants "to convey [Plaintiff] for medical and dental treatment by a healthcare provider un-associated to the Defendants and to do so immediately." *Id.* at 1. Accordingly, the purpose of Plaintiff's Motion for Preliminary Injunction is to request that the Court order Defendants to stop providing medical treatment for Plaintiff, and order that an outside medical provider be provided to treat Plaintiff.

2

However, in their responses, Defendants have informed the Court that Plaintiff has been transferred out of the Douglas County Detention Center and is no longer under the supervision of any of the named Defendants. *See Response* [#58] at 1, Ex. A; *Response* [#59] at 1. As such, Defendants state that they no longer provide medical or dental care to Plaintiff. *Response* [#58] at 2. I am entitled to rely on Defendants' statements through their counsel as an officer of the Court. *Selsor v. Kaiser*, 81 F.3d 1492, 1501 (10th Cir. 1996). Plaintiff has not filed a reply to the motion alleging that he remains in the custody or supervision of the named Defendants. Considering that Plaintiff is apparently no longer under the control or custody of Defendants, injunctive relief against the Defendants would be futile. Further, an Order to compel Defendants to provide Plaintiff medical care outside of the Douglas County Detention Center would serve no purpose. Where "entry of injunctive relief in [Plaintiff's] favor would have no effect on the defendants' behavior," Plaintiff's Motion for Preliminary Injunction must be denied. *Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997).

Accordingly, I respectfully **RECOMMEND** that Plaintiff's **Motion for Temporary Restraining Order and Order for Injunctive Relief** [Docket No. 25; Filed November 4, 2008] be **DENIED**.

FURTHER, IT IS **ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this Recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review

of both factual and legal questions. *In re Key Energy Resources Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: January 28, 2009