IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01396-PAB-KLM

MICHAEL THOMAS McCULLOUGH,

    Plaintiff,

v.

ANDY BECHERT, DEPUTY SHERIFF,
DOUGLAS COUNTY SHERIFF,
DR. SINGH, JAIL PHYSICIAN,
LT. AQUINO, DEPUTY SHERIFF,
CRAIG THOMPSON, JAIL NURSE,
DR. CORY, JAIL RADIOLOGIST,
DR. D. CUNNINGHAM, JAIL DENTIST,
CORRECTIONAL HEALTHCARE MGMT., and
UNKNOWN PERSON,

    Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **CHM Defendants' Motion to Dismiss for Plaintiff's Failure to Prosecute, or in the Alternative for Extension of March 2, 2009 Deadline to Designate Expert Witnesses** [Docket No. 71; Filed February 24, 2009] (the "Motion"). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO.L.Civ.R. 72.1.C., this matter has been referred to this Court for recommendation. Although Plaintiff was ordered to respond to the Motion [Docket No. 73], Plaintiff has failed to file a response. The Court has reviewed the Motion, the entire case file and applicable case law and is sufficiently advised in the premises. Accordingly, I respectfully **RECOMMEND** that the Motion be

1

**GRANTED**, as set forth below.

I.   **Statement of the Case**

At the time of filing, Plaintiff was incarcerated at the Douglas County Detention Center in Castle Rock, Colorado.  On September 25, 2008, Plaintiff filed his *pro se* Amended Prisoner Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983, alleging, *inter alia*, that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment [Docket No. 17].

Defendants now state that Plaintiff was released from the Douglas County Detention Facility on January 6, 2009.  *Motion* [#71] at 2.  Beginning on January 23, 2009, Plaintiff's mail has been returned to the Court as undeliverable [Docket No. 65].  Accordingly, Defendants filed a Motion to Dismiss Plaintiff's Complaint for failure to prosecute [Docket No. 71].  The Court ordered Plaintiff to respond to the Motion on or before March 16, 2009 [Docket No. 73], but Plaintiff has failed to file a response, or provide the Court with his current mailing address.

II.  **Analysis**

Defendants seek dismissal of Plaintiff's Complaint with prejudice pursuant to Fed. R. Civ. P. 41(b).  Rule 41(b) allows the Court to dismiss a plaintiff's claims for failure to prosecute, *see Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1151 (10th Cir. 2007), and provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).  The Tenth Circuit has recognized that "[a] district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).  However, a dismissal with prejudice is a more severe sanction, and generally requires the district court to consider certain criteria. *AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assoc., Inc.*, 552 F.3d 1233, 1235 (10th Cir. 2009).  In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit set forth a non-exhaustive list of factors to be considered when evaluating grounds for dismissal of an action with prejudice.  The factors are:  "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.*, 167 F.R.D. 90, 101 (D. Colo. 1996).  "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).  However, given that Plaintiff is proceeding *pro se*, the Court must carefully conduct its analysis and consider whether "some sanction other than dismissal  [with prejudice is appropriate], so that the party does not unknowingly lose its right of access to the courts . . . ." *Nasious v. Two Unknown BICE Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 920 n.3).

### A.     Prejudice to Defendants

From a review of the case file, I find that Plaintiff has not been in contact with the

Court since December 18, 2008, and that Plaintiff's mail has been returned as undeliverable beginning on January 23, 2009 [Docket Nos. 65, 69, 70, 74, and 75]. Plaintiff's failure to provide the Court with a current address, as required by D.C.Colo.LCivR. 10.1(M), and failure to prosecute his case has caused prejudice to Defendants. Plaintiff's failures have prevented Defendants from obtaining "critical information and documents necessary for the defense of the claims," including Plaintiff's responses to written discovery and Plaintiff's signed release authorizations that would allow Defendants to obtain Plaintiff's medical records. *Motion* [#71] at 5. Likewise, Defendants' burden is ongoing in that they must defend against allegations that it appears Plaintiff has no intention of pursuing.

### B. Interference with the Judicial Process

Plaintiff has failed to comply with Court's Order to respond to the Motion to Dismiss [Docket No. 73] as well as the Court's Order Directing Plaintiff to Make Monthly Filing Fee or to Show Cause [Docket No. 49]. Just as Defendants are burdened by Plaintiff's failure to provide a current address and failure to prosecute his case so, too, is the Court. The issue here "is respect for the judicial process and the law." *See Cosby v. Meadors*, 351 F.3d 1324, 1326-27 (10th Cir. 2003). Plaintiff's failure to follow the Court's Orders which required responses to motions and compliance with the local rules demonstrates a lack of respect for the Court, Defendants, and the judicial process. Moreover, the Court's continual review of his file and issuance of Orders necessitated by Plaintiff's neglect increases the workload of the Court and interferes with the administration of justice.

### C. Culpability of Plaintiff

Plaintiff has, without any reasonable excuse, ignored D.C.Colo.LCivR. 10.1(M),

which requires that "[w]ithin ten days after any change of address . . . of any attorney or pro se party, notice of the new address . . . shall be filed."  Plaintiff has also failed to respond to the Court's Order to Show Cause [#49] and Defendants' Motion to Dismiss [#73] and has failed to provide any justification for his failure to prosecute his case.  Although Plaintiff's pleadings are construed liberally because he proceeds *pro se*, he is not excused from his obligations to follow the same rules of procedures that govern other litigants.  *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).  In addition, during the Preliminary Scheduling Conference held on December 11, 2008, the Court discussed Plaintiff's obligation to keep the Court informed of his current address, and the Court mailed its *Pro Se* letter to Plaintiff [Docket No. 54-2].  The very first paragraph of this letter states, "[i]f your mailing address changes while your case is pending, you must provide the Clerk's office with your new address."  The Court's Minute Entry and *Pro Se* letter were not returned to the Court as undeliverable.  Moreover, Plaintiff appeared by telephone at the Preliminary Scheduling Conference [Docket No. 54].  Therefore, the Court concludes that Plaintiff was aware of his responsibility to provide the Court with his current mailing address, and is culpable for his failure to follow the local rules and failure to prosecute his case.

### D. Advance Notice of Sanction of Dismissal

The Court has previously warned Plaintiff that he could be sanctioned for failure to comply with the Court's Orders.  On July 2, 2008, and November 24, 2008, the Court notified Plaintiff that his failure to comply with his monthly payment obligations would result in dismissal of his case without further notice.  *See Order Directing Clerk to Commence Civil Action and Granting Plaintiff Leave to Proceed Pursuant to 28 U.S.C. § 1915* [Docket No. 2; Filed July 2, 2008] and *Order Directing Plaintiff to Make Monthly Filing Fee Payment*

5

*or to Show Cause* [Docket No. 49; Filed November 24, 2009]. In addition, the Court's *Pro Se* letter discussed during the December 11, 2008 Preliminary Scheduling Conference, and mailed to Plaintiff after the Preliminary Scheduling Conference, specifically warned Plaintiff that his failure to participate in "the ordinary events associated with being a party to a lawsuit, like discovery, court hearings, settlement conferences and trial," could result in the imposition of sanctions against him, up to and including dismissal of his case [Docket No. 54-1]. Accordingly, the Court finds that Plaintiff had ample notice that his failure to comply with Court Orders and the local and federal rules could result in the dismissal of his case.

### E. Efficacy of a Lesser Sanction

Therefore, I conclude that no sanction less than dismissal with prejudice would be effective here. Although Plaintiff is proceeding *pro se*, that does not excuse his failures here. *See Green*, 969 F.2d at 917. In addition, based upon Plaintiff's unknown location, the Court doubts that a monetary sanction would be practical or effective. Further, Plaintiff's failures impact both the judicial system and Defendants jointly, and considering that Plaintiff has effectively neglected his case for several months, the Court finds that no lesser sanction would be effective and dismissal with prejudice is the appropriate result.

### III. Conclusion

Accordingly, I respectfully **RECOMMEND** that **CHM Defendants' Motion to Dismiss for Plaintiff's Failure to Prosecute, or in the Alternative for Extension of March 2, 2009 Deadline to Designate Expert Witnesses** [Docket No. 71; Filed February 24, 2009] be **GRANTED** and that this action be **DISMISSED WITH PREJUDICE** for failure to prosecute.

I further **RECOMMEND** that **Defendants' Douglas County Sheriff, Andy Bechert and Lt. Aquino Motion for More Definite Statement** [Docket No. 63; Filed January 16, 2009] and **CHM Defendants' Motion to Dismiss Amended Prisoner Complaint** [Docket No. 67; Filed January 28, 2009] be **DENIED AS MOOT**.

FURTHER, IT IS **ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this Recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *In re Key Energy Resources Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

BY THE COURT:
\_\_s/ Kristen L. Mix_____
United States Magistrate Judge

Dated: March 19, 2009